## Grannis v. Biasucci

*Gilbert E. Long*, for plaintiffs.

*Joseph Leta, Jr.*, for defendants.

BRAHAM, P. J., September 28, 1946.—Plaintiffs, William P. Grannis and Anna Marie Grannis, his wife, having purchased a home from plaintiff, State Capital Savings & Loan Association, now seek to recover possesion of it from Sam and Anna Biasucci, tenants

under the loan association. Involved are the Federal rent regulations and Rule 199 of this court. Rent regulation is based upon the Emergency Price Control Act of January 30, 1942, c. 26, 56 Stat. at L. 23, 50 U. S. C. App. §§901 et seq. The status of this act as emergency legislation and its general constitutionality were decided in Taylor v. Brown, 137 F.(2d) 654, certiorari being denied in 320 U. S. 787, 88 Law. Ed. 473.

The precise point in dispute is whether the tenants may be evicted prior to six months from June 3, 1946. The certificate of Charles Rice, rent director for this area, is dated July 26, 1946. It supersedes a denial order dated May 27, 1946, and authorizes proceedings after six months from June 3, 1946. This order is based upon section 6 of regulations of the price administration dated October 31, 1945, part 1388. Section 6(a) forbids eviction of tenants except for one of six reasons. Section 6(b) provides as follows:

"No tenant shall be removed or evicted on grounds other than those stated above unless, on petition of the landlord, the Administrator certifies that the landlord may pursue his remedies in accordance with the requirements of the local law. The Administrator shall so certify if the landlord establishes that removals or evictions of the character proposed are not inconsistent with the purposes of the act or this regulation and would not be likely to result in the circumvention or evasion thereof. The certificate shall authorize the pursuit of local remedies at the expiration of six months after the date of filing of the petition unless the Area Rent Director has determined that a three months' period is adequate for the purposes of the act in the particular area in issuing certificates under section 6(b) (2), in which event the applicable period shall be three months. Within the discretion of the Area Rent Director the certificate may authorize the pursuit of local remedies for the removal or eviction of the tenant

at a time less than six or three months, as the case may be, after the date of the filing of the petition if the petitioner establishes that unusual hardship would otherwise result, or that a lesser period in the particular case is consistent with the purposes of the regulation and the act."

Plaintiffs' particular grievance is that they were denied the right to institute eviction proceedings because they were found not to have made the payment of 20 percent of the purchase price required by section 6(b)(2)(1) of the regulations as a prerequisite to applying for eviction. This is the sole question of fact in the case. Plaintiffs contend that they had completed payment of 20 percent of the purchase price in the first part of May 1946. With this we cannot agree. Payments of interest should not count in this computation and computing the payments on principal they do not aggregate 20 percent prior to June 6, 1946, if, indeed they do so then. In any event we find no error in this particular on the part of the rent director which prejudices plaintiffs.

Because the thing here done is pursuant to the rent regulations and based upon the act of Congress with no error in fact, the right to evict at this time must be refused. Nor is our conclusion altered because of the circumstance that plaintiffs' notice to defendants to vacate was given during the period in the summer of 1946 when Congress had failed to reënact any price legislation. This period was from June 30 to July 25, 1946. Plaintiffs are not helped thereby because the rent regulations at this point are directed to the control of eviction by recourse to the State courts: Brown v. Wright et al., 137 F.(2d) 484. Plaintiffs did not attempt to confess judgment in this court against defendants until August 9, 1946.

Rule 199 of this court does not help plaintiffs. It merely requires the landlord seeking eviction to assign the reasons which he believes justify eviction. Plain-

tiffs failed to do this in the first instance but have amended.

There is undoubted hardship in this case. Plaintiffs, who bought a home, cannot get into it. But the emergency rent regulation with all its faults has served a salutary purpose and, in any event, we must follow the law as we find it. Section 6(*b*) (*1*) empowers the administrator to authorize eviction on behalf of a purchaser of real estate in less than six months if unusual hardship is shown. Perhaps plaintiffs should make further application there.

Entertaining these views we make the following

### *Order*

Now, September 28, 1946, after hearing it is ordered, adjudged and decreed that plaintiffs may not resort to the remedies provided by the laws of this Commonwealth for the eviction of defendants at any time prior to December 3, 1946, unless the rent administrator for this area shall authorize proceedings sooner.